UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WAYNE S. FOSTER, | Civil Action No. 23-1614 (BRM) (MAH) |
| Plaintiff, |  |
| v. | ORDER |
| ESSEX COUNTY CORRECTIONAL FACILITY, et al., |  |
| Defendants. |  |

This matter having come before the Court by way of pro se Plaintiff Wayne S. Foster's motion for default judgment against Defendants Essex County Correctional Facility, Sergeant Martin Viola, Union County Correctional Facility, and Union County Courthouse pursuant to Federal Rule of Civil Procedure 55 [D.E. 8];

and Federal Rule of Civil Procedure 55(b)(2) permitting the Court to enter default judgment in civil actions;

and "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)[,]" *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006) (quoting 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2682, at 13 (3d ed. 1998)); *see Johnson v. N.J. Dep't of Corrections*, 2013 WL 1903269, at *1 n.1 (D.N.J. May 7, 2013) ("[D]efault judgment requires, and Plaintiff failed, to first obtain entry of default from the Clerk of the Court.");

and it appearing that Rule 55(a) requires the party against whom entry of default is

sought to have failed to defend or plead;

and it appearing that Defendant Union County Correctional Facility filed an answer on April 25, 2023 [D.E. 3];

and it appearing that Defendants Essex County Correctional Facility and Sergeant Martin Viola sought an extension of time to file an answer on May 9, 2023, which was granted on May 10, 2023, [D.E. 6 (Application for Clerk's Order to extend time to answer until May 24, 2023 for Defendants Essex County Correctional Facility and Sergeant Martin Viola) & unnumbered D.E. dated May 10, 2023 (granting extension)];

and the Court finding that Plaintiff failed to obtain entry of default from the Clerk of the Court prior to moving for entry of default judgment;

and the Court further finding that Plaintiff cannot obtain entry of default from the Clerk of the Court as to Union County Correctional Facility, Essex County Correctional Facility, and Sergeant Martin Viola as each of these Defendants has either answered or has obtained an extension of time to answer which has not yet passed;[1]

and for having failed to show good cause,

**IT IS on this 17th day of May, 2023**,

**ORDERED** that plaintiff's motion for default judgment [D.E. 8] is **denied**.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

---

[1] With respect to Defendant Union County Courthouse, courts have determined that courthouses are not proper defendants in an action brought pursuant to 42 U.S.C. § 1983 because they are not "persons" subject to suit under section 1983. *See Carroway v. New Jersey*, 202 F. App'x 564, 565 (3d Cir. 2006); *see also Barnes v. Mercer Cnty. Ct. House*, Civ. No. 07-1194, 2007 WL 1652533, at *7 (D.N.J. June 5, 2007).